UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FREDDIE MARSALIS (#451967)                          CIVIL ACTION

VERSUS

CAPT. KEVIN BARRERE, ET AL.                         NO. 12-0037-JJB-RLB

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 11, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FREDDIE MARSALIS (#451967)                                          CIVIL ACTION

VERSUS

CAPT. KEVIN BARRERE, ET AL.                                         NO. 12-0037-JJB-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendant's Motion for Summary Judgment, rec.doc.no. 56.

The pro se plaintiff, an inmate previously confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Capt. Todd Barrere (incorrectly identified as "Kevin Barrere" in the original Complaint), Col. Timothy Seals, Warden Howard Prince, Ass't Warden Tircuit, Capt. Lorraine Knight and Lt. Andrew Palermo, complaining that the defendants violated his constitutional rights on June 1, 2011, when defendants Barrere and Seals subjected him to a degrading and sexually assaultive strip search, and on June 16, 2011, when defendant Barrere subjected the plaintiff to excessive force. The plaintiff also complained that he was denied medical attention after the latter incident and that the actions of defendant Barrere on June 16, 2011, were undertaken in retaliation for the plaintiff having filed an administrative grievance against defendants Barrere and Seals. Pursuant to earlier Magistrate Judge's Report in this case, approved by the District Judge on November 27, 2012, see rec.doc.nos. 39 and 42, all of the plaintiff's claims have been dismissed except his claim that defendant Todd Barrere, in the defendant's individual capacity, violated the plaintiff's Eighth and First Amendment rights by subjecting the plaintiff to excessive force on June 16,

2011, in retaliation for the plaintiff's exercise of his constitutional right to complain regarding the defendant's alleged wrongful conduct.

The defendant moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's Rap Sheet, Conduct Report and Inmate Location Sheet, a certified copy of excerpts from the plaintiff's cell tier logbook for the date June 16, 2011, a digital audio recording of a telephone conversation between the plaintiff and his mother and sister on June 16, 2011, a written transcript of the referenced audio recording, a certified copy of excerpts from the plaintiff's medical and mental health records, a certified copy of the plaintiff's administrative remedy proceedings, and the affidavits of Rhonda Z. Weldon, Allen J. Verrett, Timothy Seals, Loraine Knight and defendant Todd Barrere.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  Celotex Corporation v. Catrett, supra, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  Little v.

Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex Corporation v. Catrett, supra, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  Little v. Liquid Air Corp., supra, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992).

As pertinent to the claims remaining before the Court, the plaintiff alleges in his Complaint, as amended, that on June 1, 2011, defendant Todd Barrere came to the plaintiff's cell and conducted an abusive and sexually degrading search of the plaintiff's person and property. As a result, the plaintiff filed an administrative grievance ("ARP"), complaining of the actions of the defendant.  Approximately two weeks later, on June 16, 2011, the plaintiff was placed in restraints and escorted by a security officer to an office occupied by defendant Barrere.  Upon arrival, defendant Barrere attempted to persuade the plaintiff to voluntarily withdraw the referenced ARP and, to this end, allegedly subjected the plaintiff to verbal threats and allegedly threatened the plaintiff by brandishing a pocketknife.  When the plaintiff continued to refuse to withdraw the administrative grievance, defendant Barrere allegedly punched the plaintiff twice in the stomach and once in the right eye.  According to the plaintiff, upon return to his cell, he attempted to obtain medical attention and, although a security officer initially rejected the

plaintiff's request for medical attention, the plaintiff ultimately received medical attention later that day at EHCC and also thereafter upon transfer to the Louisiana State Penitentiary at Angola, Louisiana.

In the prior Magistrate Judge's Report in this case, rec.doc.no. 39, the Court denied summary judgment to the defendant in connection with the plaintiff's claims of excessive force and retaliation, finding that the defendant was not entitled to qualified immunity in connection with these claims. Now, in the instant motion, the defendant again contends that he is entitled to qualified immunity. Specifically, relying upon essentially the same evidence adduced in connection with the prior motion,[1] the defendant contends that the plaintiff has failed to come forward with sufficient evidence of conduct on the defendant's part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Huff v. Crites, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in Saucier v. Katz, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. Id. at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. Id. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. Id. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. at 202. The

---

1. In connection with the instant motion, the defendant has also submitted his own affidavit and the affidavits of Allen J. Verrett, Timothy Seals and Loraine Knight.

assertion of the qualified immunity defense alters the summary judgment burden of proof. Michalik v. Hermann, 422 F.3d 252, 262 (5th Cir. 2005).  Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."  Gates v. Texas Department of Protective and Regulatory Services, 537 F.3d 404, 419 (5th Cir. 2008), citing Michalik v. Hermann, supra, 422 F.3d at 262.[2]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court again concludes that the defendant's motion should be denied and that the plaintiff's allegations and evidentiary showing are sufficient to overcome the defendant's assertion of qualified immunity.

In his Complaint, as amended, the plaintiff asserts that defendant Barrere, on June 16, 2011, threatened the plaintiff and brandished a pocketknife when the plaintiff refused to drop a grievance which the plaintiff had filed against the defendant.  In addition, the plaintiff alleges that the defendant punched the plaintiff – twice in the stomach and once in the eye – when the plaintiff continued to refuse.  In this regard, force is excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010), quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992).

---

2. The United States Supreme Court has held that rigid chronological adherence to the Saucier two-step methodology is not mandatory.  Pearson v. Callahan, 555 U.S. 223, 236 (2009).  Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.  Id.

The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, supra, 503 U.S. at 10. "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, supra, 559 U.S. at 38. Factors to be considered in determining whether an alleged use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra, 503 U.S. at 7.

Applying the foregoing standard, the Court finds that there remain disputed issues of material fact which preclude the grant of summary judgment in favor of the defendant. Specifically, although defendant Barrere asserts that no force whatever was utilized against the plaintiff on the referenced date, the plaintiff has produced his own sworn statement, asserting that he was punched twice in the stomach and once in the face by the defendant, that he was in restraints at the time, and that he was offering no provocation, resistance or confrontational behavior, and thus no justification for any use of force. The plaintiff was seen by a medical officer later on the date of the confrontation, and the record from that consultation reflects that the plaintiff complained of having been struck by a correctional officer on that date. The medical record also reflects that the plaintiff exhibited objective evidence of injury at that time, in the form of redness and swelling below his right eye. Further, the plaintiff's injury apparently warranted the taking of x-rays the following day, upon his transfer to the Louisiana State

Penitentiary. Although the defendant points to evidence in the form of a recorded telephone conversation which the plaintiff had with his mother and sister on the date of the alleged incident, during which conversation the plaintiff recounted the referenced events but made no mention of any force utilized against him, the Court finds that this evidence, although potent and persuasive, does not conclusively establish that the referenced force did not occur.[3] Specifically,

---

3. During the referenced telephone conversation, the plaintiff provided information to his mother regarding the alleged wrongful search of June 1, 2011, the alleged destruction of his property on that date, the ARP which he had filed relative to that incident, the subsequent visit to defendant Barrere's office on June 16, 2011, the alleged threats made by defendant Barrere, and the alleged brandishing of a pocketknife by defendant Barrere. The plaintiff made no reference however, to any alleged use of force by the defendant. To the contrary, the plaintiff suggested during the referenced telephone conversation that after defendant Barrere verbally threatened the plaintiff, the defendant simply sent the plaintiff back to the plaintiff's cell. Thus, in describing the alleged confrontation, the plaintiff stated:

> The same dude I wrote an ARP up for ... got the nerve to call me down there to the office and threaten me again.... And he talking about how he gonna keep me at [EHCC].
> \*       \*       \*
> This dude, once I filed the ARP on him ... he not supposed to have no type of physical contact with me. And he call me in his office and he said that they gonna keep me here at [EHCC] and he gonna be over the investigation.
> \*       \*       \*
> I need you to call the FBI ... cause this dude pulled out a knife.
> \*       \*       \*
> [T]oday, they come get me out the cell .... They bring me to the ... office .... Captain was sitting right there looking me face to face, I told him I ain't had nothing to say to him. **So they brought me back**. He talking 'bout, uh, I'm a remain here at [EHCC] and he gonna be over the investigation like that was supposed to tempt me or something.
> \*       \*       \*
> That dude **could have** easily did me something in the office ....
> \*       \*       \*
> Now, if I would have ... bugged up and did something they **would have** ....
> \*       \*       \*
> Only thing that was **saving** this boy 'cause I had ... restraints on.
> \*       \*       \*
> I told him straight up I ain't got nothing else to say to you, whatever you going to do, do it. **He told me to get out his office**.

(Emphasis added).

as previously determined by the Court in addressing the defendant's prior Motion for Summary Judgment, the absence in the plaintiff's telephone conversation of any reference to the alleged use of force by defendant Barrere is compelling evidence and implicitly tends to contradict his claim that the defendant subjected him to such force. This absence, however, is not wholly and completely inconsistent with the plaintiff's version of events, particularly in light of the medical record and the administrative grievance which the plaintiff filed on the same date, both of which make reference to the alleged use of force. Cf., Comeaux v. Sutton, 496 Fed. Appx. 368, 373 (5th Cir. 2012) (reversing the grant of summary judgment in favor of the defendant prison officials where a video recording of the incident of alleged excessive force was not "wholly inconsistent" with the plaintiff's claims). Further, although the defendant points to the minimal nature of the plaintiff's reported injuries as justification for the grant of summary judgment, the law is clear that minimal injuries alone do not justify dismissal. See Wilkins v. Gaddy, supra, 559 U.S. at 38. See also Comeaux v. Sutton, supra, 496 Fed. Appx. at 371(noting that the plaintiff's minimal injuries, described as "a bruised lip" and "two superficial scrapes," did not relieve the defendants of liability for excessive force); Brown v. Jones, 471 Fed. Appx. 420 (5th Cir. 2012) (finding that the plaintiff's claim of injury was sufficient to overcome the defendants' motion for summary judgment). This is particularly true where, as here, accepting the plaintiff's version of events as true, the plaintiff was in restraints and offered no justification for any use of force. Accordingly, summary judgment should be denied relative to the plaintiff's claim of excessive force.

In addition to the foregoing, the plaintiff asserts that the actions of defendant Barrere were motivated by retaliatory animus in response to the plaintiff's filing of an administrative grievance against the defendant. In this regard, the taking of action against an inmate in

retaliation for the inmate's exercise of his First Amendment constitutional rights is itself a violation of the inmate's constitutional rights.  See, Flores v. Boecker, ___ Fed. Appx. ___, 2013 WL 3092011 (5th Cir. June 20, 2013), citing Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir.), cert. denied, 476 U.S. 1117 (1986).  Specifically, prison officials are not allowed to retaliate against an inmate because of the inmate's exercise of his right to complain to supervisory officials about the alleged wrongful conduct of prison security officers.  However, inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than mere conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred.  This places a significant burden on the inmate....  The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

Woods v. Smith, 60 F.3d. 1161, 1166 (5th Cir. 1995), cert. denied, 516 U.S. 1084 (1996). Further, in order to sustain a showing of a constitutional violation, the plaintiff must assert more than a de minimis or inconsequential retaliatory adverse act.  Morris v. Powell, 449 F.3d 682, 686 (5th Cir.), cert. denied, 549 U.S. 1038 (2006).

Based on the foregoing, it appears that there are disputed questions of material fact which prevent the grant of summary judgment in connection with this claim.  Specifically, the plaintiff's sworn assertions include both direct evidence of retaliatory motivation (in the form of the defendant's alleged explicit threats and statements) and a chronology of events permitting the inference that the alleged use of force by defendant Barrere was in direct response to the plaintiff's refusal to voluntarily withdraw the grievance.  The plaintiff has alleged that defendant Barrere threatened the plaintiff with harm if the plaintiff refused to withdraw the grievance and then thrice punched the plaintiff in direct response to the plaintiff's refusal.  Further, the plaintiff

has attested that at no time did he provoke defendant Barrere or give any justification for the alleged use of force.  Although the defendant denies that any force was utilized, much less force which was retaliatory in nature, this is a factual issue involving a credibility determination which the Court is unable to resolve on motion for summary judgment.  Accordingly, the defendant's motion must be denied with respect to this issue.

## RECOMMENDATION

It is recommended that the defendant's Motion for Summary Judgment, rec.doc.no. 56, be denied, and that this matter be referred back to the Magistrate Judge for further proceedings in connection with the plaintiff's claim that the defendant violated the plaintiff's Eighth and First Amendment rights by subjecting the plaintiff to excessive force on June 16, 2011, in retaliation for the plaintiff's exercise of his constitutional right to complain regarding the defendant's alleged wrongful conduct.

Signed in Baton Rouge, Louisiana, on October 11, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**