# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

FREDDIE MARSALIS (#451967)                                    CIVIL ACTION

VERSUS

CAPT. KEVIN BARRERE, ET AL.                            NO. 12-0037-JWD-RLB

## O R D E R

This matter comes before the Court on the plaintiff's Motion to Supplement Pretrial Conference (R. Doc. 83), which Motion has been referred to the undersigned Magistrate Judge. This Motion is opposed.

A video pre-trial conference was conducted in the above-captioned proceeding on June 24, 2014. Prior to the conference, the Court entered an Order (R. Doc. 74), directing the parties to identify their proposed exhibits and witnesses for trial. At the subsequent conference, the Court addressed the parties' proposed exhibits and witnesses and, in a Supplemental Pretrial Order dated June 24, 2014 (R. Doc. 80), made determinations regarding the likely admissibility of the proposed exhibits and the likely allowance of the proposed witnesses. The plaintiff lodged objections to certain of the Court's determinations, and the Court advised the plaintiff that he could file a motion seeking reconsideration. The instant Motion has followed.

The plaintiff first complains regarding certain of the Court's conclusions and recommendations regarding his proposed exhibits and regarding the likely evidentiary rulings that will be made at trial relative thereto. The plaintiff initially points out that, inasmuch as the defendant did not object at the pretrial conference to the admissibility of certain of his exhibits, *e.g.*, to excerpts from his 2011 administrative remedy proceedings and an Investigative Report

prepared by Officer Joe R. Jones (Exhibits B, C, D, E and F (in part)), the Court should not have suggested deferral as to the admissibility thereof.  The plaintiff also contends that the Court's recommended deferral in connection with Elayn Hunt Institutional Policy No. 100-A-16 (re: "Shakedowns and Searches") (Exhibit H) was improper.  Finally, the plaintiff complains that the Court should not have determined the likely inadmissability of certain other exhibits, *e.g.,* excerpts from his administrative remedy proceedings filed in 2013 (Exhibit F (in part)), unsigned hand-written "declarations" by co-inmate witnesses (Exhibit G), copies of certain discovery requests propounded to the defendant (Exhibits J and K), the plaintiff's Motion to Compel Discovery (Exhibit M), excerpts from the defendant's Motion for Summary Judgment and the Magistrate Judge's Report and Ruling entered in connection therewith (Exhibits F (in part), N and O), a settlement proposal made by the plaintiff (Exhibit P), and an item of correspondence authored by attorney Donna Grodner (Exhibit R).

The plaintiff's arguments relative to his proposed exhibits and the Court's suggested evidentiary dispositions in connection therewith are rejected.  As noted, the Court's Supplemental Pretrial Order provided only the Court's *predictions* as to the likely admissibility of the plaintiff's exhibits, and thus, no Ruling in fact has been made as to the admissibility of any of these exhibits.  The plaintiff may offer any or all of these exhibits into evidence at trial, and the District Judge will make Rulings as to the admissibility thereof.  As for those exhibits to which the defendant has not objected and/or to which he does not object at trial, the Court may well allow the introduction of same in whole or in part.

In addition to the foregoing, the plaintiff also seeks reconsideration of the Court's determinations, in the Supplemental Pretrial Order, that certain of the plaintiff's proposed witnesses be excluded as inappropriate, *i.e.,* Attorney Donna Grodner, or unnecessary, *i.e.,*

Warden N. Burl Cain, Warden Howard Prince, and Ass't Warden Stephanie Lamartinere.[1]
Having reviewed the plaintiff's arguments in support of modifying the Court's determinations in this regard, the Court finds no basis for modification of the Court's prior determinations.

Finally, the plaintiff complains that the defendant's Exhibit No. 3, which is identified as being the plaintiff's Conduct Record, is irrelevant and should not be allowed. As noted above, however, the Court has not made a definitive ruling regarding the admissibility of this exhibit and has merely deferred to the trial judge a determination in connection therewith. The plaintiff is entitled to re-urge his objection at the time of trial. The Court further notes that the defendant has been directed to redact extraneous references from the plaintiff's Conduct Record, "so as to reflect only a disciplinary charge issued against the plaintiff on June 17, 2011 (the day after the excessive force incident complained of). Such redaction substantially minimizes the prejudicial effect which may result from admission of the referenced exhibit. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Supplement Pretrial Conference (R. Doc. 83) be and it is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on October 7, 2014.


**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

1. The Court further notes that, by including in the instant Motion a list of his witnesses that includes ten (10) co-inmate witnesses, the plaintiff is apparently complaining regarding the Court's determination that he should limit the number of his co-inmate witnesses to five (5). The Court has addressed the plaintiff's contentions in this regard in a separate Order.