# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FREDDIE MARSALIS (#451967)**     **CIVIL ACTION**

**VERSUS**

**CAPT. KEVIN BARRERE, ET AL.**     **NO. 12-0037-JWD-RLB**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on November 3, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FREDDIE MARSALIS (#451967)                                    CIVIL ACTION

VERSUS

CAPT. KEVIN BARRERE, ET AL.                                   NO. 12-0037-JWD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's Motion for Summary Judgment (R. Doc. 90), which Motion has been referred to the undersigned for a Report and Recommendation. The defendant has filed an opposition to the plaintiff's Motion.

The pro se plaintiff, an inmate currently confined at the Louisiana State Penitentiary, Angola ("LSP"), Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Capt. Todd Barrere, Col. Timothy Seals, Warden Howard Prince, Ass't Warden Tircuit, Capt. Lorraine Knight and Lt. Andrew Palermo. Pursuant to earlier Magistrate Judge's Reports in this case, all of the plaintiff's claims have been dismissed except his claim that defendant Todd Barrere, in the defendant's individual capacity, violated the plaintiff's Eighth and First Amendment rights by subjecting the plaintiff to excessive force on June 16, 2011, at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, in retaliation for the plaintiff's exercise of his constitutional right to complain regarding the defendant's alleged wrongful conduct.

The plaintiff now moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, copies of excerpts from his medical records, a copy of a Magistrate Judge's Report and Recommendation dated October 11, 2013, a copy of a Ruling entered thereon dated November 5, 2013, a copy of two (2) memoranda authored by defendant Barrere, dated June 16

and July 5, 2011, respectively, a copy of excerpts from the EHCC tier logbook for the date June 16, 2011, a copy of documentation pertaining to a settlement offer made by the defendant in September, 2014, a Declaration for Entry [of] Default, and several hand-written declarations, signed under penalty of perjury, prepared by the plaintiff and co-inmates Edmond Spencer, Dwayne Bryant, Wilbert Brady, and Noel Dean.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is

appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

As pertinent to the claims remaining before the Court, the plaintiff alleges in his Complaint, as amended, that on June 1, 2011, while he was temporarily confined at EHCC because of potential flooding at LSP, defendant Todd Barrere came to the plaintiff's cell and conducted an abusive and sexually degrading search of the plaintiff's person and property. As a result, the plaintiff filed an administrative grievance ("ARP"), complaining of the actions of the defendant. Approximately two weeks later, on June 16, 2011, the plaintiff was placed in restraints and escorted by a security officer to an office occupied by the defendant. Upon arrival, defendant Barrere attempted to persuade the plaintiff to voluntarily withdraw the referenced ARP and, to this end, subjected the plaintiff to verbal threats and allegedly threatened the plaintiff by brandishing a pocketknife. When the plaintiff continued to refuse to withdraw the ARP, defendant Barrere allegedly punched the plaintiff twice in the stomach and once in the right eye. According to the plaintiff, upon return to his cell, he attempted to obtain medical attention and, although a security officer initially rejected the plaintiff's request for medical attention, the plaintiff ultimately received medical attention later that day at EHCC and also thereafter upon transfer back to LSP.

In two (2) prior Magistrate Judge's Reports in this case (R. Docs. 39 and 68), the Court has denied summary judgment to the defendant in connection with the plaintiff's claims of excessive force and retaliation, finding that the defendant was not entitled to qualified immunity and that there were disputed issues of material fact in connection with the plaintiff's claims. Now, in the instant motion, the plaintiff requests summary judgment in his favor in connection with these claims. The basis for the plaintiff's motion appears primarily to be his contention that, because the defendant failed to file a formal objection to the most recent Magistrate Judge's Report, the defendant has defaulted or waived his right to contest the substantive merit of the plaintiff's claims.

The plaintiff's argument is not persuasive. Whereas a failure to file a timely objection to the proposed findings of fact and conclusions of law contained in a Magistrate Judge's Report will generally prevent a party from attacking those findings and conclusions on appeal, *see* 28 U.S.C. § 636(b)(1), the proposed findings and conclusions in the most recent Magistrate Judge's Report in this case were not that the plaintiff was entitled to recovery. Nor did the proposed findings and conclusions determine the substantive rights of either party. Instead, the Magistrate Judge's Report concluded that there were disputed issues of material fact in this case that precluded summary judgment and that could only be resolved by a jury. Accordingly, by failing to file a formal objection in connection with that Report, the defendant did not waive any entitlement to present his version of those disputed facts before a jury at trial. Thus, the plaintiff's contention is without merit. Moreover, the evidence now presented by the plaintiff in support of the instant Motion for Summary Judgment is essentially the same as that which has been presented to the Court in connection with prior such motions, and that evidence has been

interpreted by the Court as supporting a finding that there are disputed issues of fact in this case.[1]

Accordingly, the Court again concludes that summary judgment is not appropriate in this case and that the matter must be presented for resolution before a jury.

### RECOMMENDATION

It is recommended that the plaintiff's Motion for Summary Judgment (R. Doc. 90) be denied.

Signed in Baton Rouge, Louisiana, on November 3, 2014.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

1. The documentation presented by the plaintiff relative to a settlement offer made by the defendant does not establish any liability on the part of the defendant and does not alter the Court's conclusion that there are disputed issues of fact in this case that are appropriate for resolution by a jury.